UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

3817 WATERFRONT, LLC,

     Plaintiff,

v.                                    Case No.:  2:25-cv-698-SPC-NPM

GENERAL STAR INDEMNITY
COMPANY,

     Defendant.

_____

## **<u>ORDER</u>**

    Before the Court is Defendant General Star Indemnity Company's Notice and Petition for Removal to the United States District Court.  (Doc. 1).  For the reasons outlined below, Defendant must supplement the Notice.

    A defendant may remove a civil action from state court if the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

    This is a Hurricane Ian breach of insurance contract case.  Defendant removed this action by invoking diversity jurisdiction.  Federal courts have diversity jurisdiction over civil actions where there is complete diversity of

citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, Plaintiff's citizenship is in question.

Plaintiff is a limited liability corporation. Defendant points out that "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). (Doc. 1 at 2). In the Notice of Removal, Defendant explains that Vinod Kulhari is the only member of Plaintiff and "resides in Pembroke Pines, Florida." (*Id.*). It attaches the Florida Secretary of State records reflecting Kulhari's address and concludes that "the evidence shows that Plaintiff is a citizen of Florida." (*Id.* at 3).

Not so. "Residence alone is not enough" to show diversity jurisdiction. *Denny v. Pironi,* 141 U.S. 121, 123 (1891). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002)). And domicile requires both residence in a state and "an intention to remain there indefinitely." *Id.* at 1258. Without more, the Court is not satisfied that Defendant has shown by a preponderance of the evidence that the parties have diverse citizenship.

Accordingly, it is now

**ORDERED:**

On or before **August 19, 2025**, Defendant must SUPPLEMENT the Notice of Removal consistent with this Order. **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on August 12, 2025, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record